## Cover Sheet pg. 1

| | | |
|---|---|---|
| DR. STEPHANIE A. WILSON<br>*Plaintiff, pro se* | : | FEDERAL SUPERIOR<br>COURT |
| v. | : | STATE OF CONNECTICUT |
| UNIVERSITY OF CONNECTICUT<br>*Defendant* | : | **COMPLAINT FOR**<br>**EMPLOYMENT**<br>**DISCRIMINATION** |
| ALIZA C. WILDER<br>Director of the University of Connecticut<br>Department of Human Resources<br>*Defendant – official capacity* | : | |
| JOHN-PAUL LACOMBE<br>Manager in the University of Connecticut<br>Department of Human Resources<br>*Defendant – official capacity* | : | |
| KEITH HOOD<br>Interim Director of the University of<br>Connecticut Office of Labor Relations<br>*Defendant – official capacity* | : | |
| DR. PETER DIPLOCK<br>Assistant Vice Provost of the University<br>of Connecticut Center of Excellence in<br>Teaching and Learning<br>*Defendant – official capacity* | : | |
| DR. JUDY BUFFOLINO<br>(Former) Supervisor of the University of<br>Connecticut Center of Excellence in<br>Teaching and Learning<br>*Defendant – official capacity* | : | |
| NICHOLAS YORIO<br>Senior Employment Opportunity Officer<br>of the University of Connecticut Office of<br>Diversity and Equity<br>*Defendant – official capacity* | : | |

FILED 2019 MAY 10 P 1:02
US DISTRICT COURT
HARTFORD CT

## Cover Sheet, pg. 2

DR. AMY DONAHUE
(Former) Vice Provost for
University of Connecticut
Academic Operations
*Defendant – official capacity*

UNIVERSITY OF CONNECTICUT
PROFESSIONAL EMPLOYEES' UNION
LOCAL 3695 AFTCT, AFT, AFL-CIO
*Defendant*

TINA GLIDDEN
Representative of the University of Connecticut
Professional Employees' Association
*Defendant – official capacity*

ELIZABETH SULLIVAN
Executive Director of the University of
Connecticut Professional Employees' Association
*Defendant – official capacity*

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Dr. Stephanie A. Wilson, pro se,
        Plaintiff,

v.

Case No. 3:19 cv 712 (AVC)
(To be supplied by the Court)

(see cover sheets 1 and 2),
        Defendant(s).

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. Plaintiff resides at the following location: 

2000 NW 38th Terrace, Lauderdale Lakes, Florida 33311

2. Defendant(s) reside(s) at the following location [Attach additional sheets if more space is required]: (see attached page 1)

3. This action is brought pursuant to [Check all spaces that apply to the type of claim(s) you wish to assert against the Defendant(s)]:

☒ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f). Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

☒ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., for employment discrimination based upon age. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343. Equitable and other relief is sought under 29 U.S.C. §§ 626(b) and (c) or §§ 633a(b) and (c).

My Year of Birth is: 1952 .

☒ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343. Equitable and other relief is sought under 29 U.S.C. § 794a.

☐ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). See 42 U.S.C. § 12117(a). Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g). Id.

4. The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

(A) ☐ Failure to hire me. I was refused a job on the following date(s): ____

(B) ☒ Termination of my employment. I was terminated from my employment on the following date: January 20th 2016.

(C) ☐ Failure to promote me. I was refused a promotion on the following date(s): ____

(D) ☒ Other acts as specified below: (see attached additional sheets, pages 1 and 2)

5. The conduct of the Defendant(s) was discriminatory because it was based upon: race [X], color [ ], religion [X], sex [X], age [X], national origin [X] or disability [X]. [Please check all applicable bases for your claim of discrimination and explain further, if necessary]: Plaintiff's opposition to discriminatory activity on the basis of sex, age, race, religion.

Plaintiff's exercise of rights afforded by the Rehabilitation Act of 1973.

6. The facts surrounding my claim of employment discrimination are as follows [Attach additional sheets, if necessary]:
(see attached additional sheets, pgs. 2 through 6)

7. The approximate number of persons who are employed by the Defendant employer I am suing is: 9

8. The alleged discrimination occurred on or about the following date(s) or time period: The discrimination was a continuing course of conduct between approx. 3/1/02 and 1/20/16.

3

9.  I filed charges with the:

    ☒  Equal Employment Opportunity Commission

    ☒  Connecticut Commission on Human Rights and Opportunities

10. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter **(copy attached)**, which I received on or about the following date: October 7th 2017.

    [**NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the Notice of Right to Sue letter for this Court to consider your claim(s). Failure to do so may result in delaying consideration of your claim(s).]

11. The EEOC or the CHRO determined that there was no probable cause to believe that discrimination occurred. My reasons for questioning that determination are as follows [Attach additional sheets, if necessary]: I have gathered enough evidence to show probable cause to believe that the alleged discrimination occurred.

12. If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

13. WHEREFORE, Plaintiff(s) pray(s) that: The Court grant such relief as may be deemed appropriate, including [**NOTE:** While all of the forms of relief listed below may not be available in a particular action, you should place a check next to each form of relief you seek.):

    ☐  Injunctive orders (specify the type of injunctive relief sought): _____

    ☐  Backpay;

4

☒ Reinstatement to my former position;

☐ Monetary damages (specify the type(s) of monetary damages sought): __

NO MONETARY DAMAGES SOUGHT

☒ Other (specify the nature of any additional relief sought, not otherwise provided for on this form): "Make whole" relief.

AND costs and attorneys' fees.

**JURY DEMAND**

I hereby    DO ☒    DO NOT ☐    demand a trial by jury.

_Plaintiff's Original Signature_

Original signature of attorney (if any)

Printed Name and address

Dr. Stephanie A. Wilson
Printed Name and address
2000 NW 38th Terrace
Lauderdale Lakes, FL 33311

( )
Attorney's telephone

(860) 455-5279
Plaintiff's telephone

stephanie.a.wilson@sbcglobal.net

Email address if available           Email address if available

Dated: May 8th 2019

5

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _2000 NW 38TH Terr_ on _May 8th 2019_
          (location)                             (date)

_Lauderdale Lakes,_
_FL 33311_

                                                **Plaintiff's Original Signature**

(Rev. 3/23/16)

## Additional Sheets, pg. 1

**2: Defendants reside at the following locations:**

    **a.** Defendant University of Connecticut ("UCONN") resides in Storrs, Connecticut 06269.

    **b.** Aliza C. Wilder, named as a Defendant in her official capacity as Director of UCONN's Department of Human Resources, resides in Storrs, Connecticut 06269.

    **c.** John-Paul Lacombe, named as a Defendant in his official capacity as a Manager in UCONN's Human Resources Department, resides in Storrs, Connecticut 06269.

    **d.** Keith Hood, named as a Defendant in his official capacity as Interim Director of UCONN's Office of Labor Relations, resides in Storrs, Connecticut 06269.

    **e.** Dr. Peter Diplock, named as a Defendant in his official capacity as Assistant Vice Provost of Excellence in Teaching and Learning, resides in Storrs, Connecticut 06269.

    **f.** Dr. Judy Buffolino, named as a Defendant in her official capacity as a (former) Supervisor in UCONN's Center for Excellence in Teaching and Learning department, resides in Storrs, Connecticut 06269.

    **g.** Nick Yorio, named as a Defendant in his official capacity as UCONN's Senior Employment Opportunity Officer, resides in Storrs, Connecticut 06269.

    **h.** Dr. Amy Donahue, named as a Defendant in her official capacity as UCONN's (former) Vice Provost for Academic Operations, resides in Storrs, Connecticut 06269.

    **i.** Defendant University of Connecticut Professional Employee Association ("UCPEA") resides at 18 Dog Lane, Storrs, Connecticut 06268.

    **j.** Tina Glidden, named as a Defendant in her official capacity as a (former) UCPEA Representative, resides at 18 Dog Lane, Storrs, Connecticut 06268.

    **k.** Elizabeth Sullivan, named as a Defendant in her official capacity as UCPEA Executive Director, resides at 18 Dog Lane, Storrs, Connecticut 06268.

## Additional Sheets, pg. 2

**4: The acts complained of in this suit concern:**

   l. over a decade of continuing, knowing, intentional, willful, wanton, arbitrary, capricious, and/or, *inter alia*, discriminatory conduct, respectively and/or mutually pursued against the Plaintiff by Defendants UCONN, UCPEA, and/or the named UCONN and/or UCPEA officials, in the making, enforcement, modification, and/or termination of, *inter alia*, any and/or all of the following bargains:

   i. the Plaintiff's relationship of continued employment with the State of Connecticut.

   ii. the UCONN-UCPEA Collective Bargaining Agreement that governs the Plaintiff's relationship of continuing employment with the State of Connecticut.

   iii. a Grievance Settlement signed by UCONN, UCPEA, and the Plaintiff on August 6th 2008.

   iv. the State Employee Bargaining Agent Coalition Agreement, executed and enforced between and/or including about June 2011 and about January 20th 2016.

**6: The facts surrounding my claim of employment discrimination are as follows:**

   i. As the Director of the Department of Human Resources ("DHR") and the Plaintiff's first- or second-level manager outside of the Plaintiff's bargaining unit during, about, within, and/or continuously throughout the time period between and/or including March 2002 and August 6th 2008, Defendant Aliza C. Wilder acted and/or permitted Plaintiff's first-level managers to:

   a. assign, direct, obligate, and/or expect the Plaintiff to perform exempt work as a condition of her relationship of continued employment with the State.

### Additional Sheets, pg. 3

    b. refuse and/or otherwise fail to assign and/or otherwise permit the Plaintiff to perform exempt work.

    c. evaluate the Plaintiff's performance of nonexempt work as though the Plaintiff performed exempt work.

    d. attempt to terminate the Plaintiff's relationship of continued employment with the State on the basis that the Plaintiff failed to satisfactorily perform exempt work.

ii. During, about, and/or otherwise within the period of time between and/or including March 2002 and August 6th 2008, the Plaintiff raised the subject of whether the UCONN-UCPEA CBA reserved for UCONN the complete and/or unlimited jurisdiction and/or discretion to refuse and/or fail to fulfill limited applications of the implied covenant of good faith and fair dealing, and whether UCONN discriminated against the Plaintiff on the bases of the Plaintiff's gender, race, age, and/or religion when acting as described in the preceding paragraph, the Plaintiff submitted verbal and written reports to, *inter alia*, DHR Director Wilder, DHR Manager John-Paul Lacombe, Interim Director of the Office of Labor Relations ("OLR") Keith Hood, UCPEA Representative Tina Glidden, and the Office of Diversity and Equity, and when she filed a contractual grievance pursuant to the UCONN-UCPEA CBA on May 20th 2008.

iii. Defendant UCONN denied the 2008 Grievance at Steps 1 and 2 before inviting the Plaintiff and UCPEA to settle. Before UCONN and UCPEA each signed the settlement for the 2008 Grievance, Defendants UCONN and UCPEA expressly, tacitly, mutually, and/or collectively met minds on the judgment that the UCONN-UCPEA CBA did in fact reserve for Defendant UCONN the complete and/or unlimited jurisdiction and/or discretion to refuse and/or fail to fulfill the limited applications of the implied covenant of good faith and fair dealing as raised by the Plaintiff during the making of the settlement for the 2008 Grievance ("Judgment").

**Additional Sheets, pg. 4**

iv. Before Defendants UCONN and UCPEA each signed the 2008 Grievance Settlement, UCONN and UCPEA each expressly and/or tacitly met minds on the judgment, against the Plaintiff, that the language, meaning, intent, and implications of the 2008 Grievance Settlement was based on said Judgment.

v. Before the Plaintiff and Defendants UCONN and UCPEA each signed the settlement for the 2008 Grievance, neither UCONN nor UCPEA fully and/or fairly disclosed to the Plaintiff the existence of the Judgment, nor did UCONN and UCPEA fully and/or fairly disclose to the Plaintiff the fact that UCONN and UCPEA expressly, tacitly, mutually, and/or otherwise collectively agreed that the language, meaning, intent, and implications of the 2008 Grievance Settlement was based on said Judgment.

vi. Between August 6th 2008 and January 20th 2016, after Plaintiff and Defendants UCONN and UCPEA signed the 2008 Grievance Settlement, and Dr. Peter Diplock became the Plaintiff's first-level manager outside of her bargaining unit upon the Plaintiff's transfer from the DHR to the Center of Continuing Studies ("CCS"), Diplock and Vice Provost Donahue acted and/or permitted Plaintiff's first-level managers to:

  a. assign, direct, obligate, and/or expect the Plaintiff to perform exempt work as a condition of her relationship of continued employment with the State.

  b. refuse and/or otherwise fail to assign and/or otherwise permit the Plaintiff to perform exempt work.

  c. evaluate the Plaintiff's performance of nonexempt work as though the Plaintiff performed exempt work.

  d. deny the Plaintiff contractual privileges of employment on the basis of the Plaintiff's failure to satisfactorily perform exempt work.

**Additional Sheets, pg. 5**

    e. terminate the Plaintiff's relationship of continued employment with the State based on the fact that the Plaintiff failed to satisfactorily perform an exempt workload.

vii. During, about, and/or otherwise within the period of time between and/or including August 6th 2008 and January 20th 2016, the Plaintiff raised the subject of whether the UCONN-UCPEA CBA reserved for UCONN the complete and/or unlimited jurisdiction and/or discretion to refuse and/or fail to fulfill limited applications of the implied covenant of good faith and fair dealing when acting as described in the preceding paragraph, when the Plaintiff submitted verbal and written reports to, *inter alia*, Assistant Vice Provost Diplock, Supervisor Judy Buffolino, Interim Director of OLR Keith Hood, UCPEA Representative Elizabeth Sullivan, Senior Employment Opportunity Officer Nick Yorio.

viii. On January 20th 2015, Defendant UCONN gave the Plaintiff a notice of the elimination of her position at the University, effective January 20th 2016. Neither Defendants UCONN nor UCPEA fully or fairly disclosed to the Plaintiff the basis for said elimination before January 20th 2016. On January 4th 2016, the Plaintiff filed complaints with the Equal Employment Opportunity Commission, the Connecticut Commission on Human Rights and Opportunities, and the Office of Public Hearings, seeking relief for UCONN's discrimination against the Plaintiff in the enforcement of any and/or all of the bargains identified at **Question 4** of the instant Complaint form on the basis of gender, race, age, religion, and the Plaintiff's opposition to UCONN's acts of discrimination on the basis of gender, race, age, and/or religion. The Equal Employment Opportunity Commission issued its Dismissal of the Plaintiff's and Notice of Suit Rights on May 31st 2017, and the Plaintiff did not receive said Dismissal and Notice of Suit Rights until about October 7th 2017.

## Additional Sheets, pg. 6

ix. On January 20th 2016, Defendant UCONN eliminated the Plaintiff's position at UCONN, effectively resulting in the Plaintiff's layoff.

x. On June 5th 2017, the Plaintiff commenced a civil suit in State court against UCONN for bad faith nonperformance of her employment contract and the 2008 Grievance Settlement. On May 11th 2018, the State court dismissed the Plaintiff's suit without reviewing the merits and without prejudice on jurisdictional grounds.